■ AL NEGELBERG & Co., Respondent, v. TRANS FRESH CORPORATION, Appellant, et al., Defendant.— Order, Supreme Court, New York County entered on July 6, 1971, granting plaintiff's motion to confirm the report of a Special Referee recommending denial of defendant Trans Fresh Corporation's motion to dismiss for lack of jurisdiction, unanimously reversed, on the law, plaintiff's motion denied, defendant-appellant's motion granted, and the complaint dismissed and the action severed as to defendant-appellant. Defendant-appellant shall recover of plaintiff-respondent $50 costs and disbursements of this appeal. Appellant, Trans Fresh, a foreign corporation, with no place of business in New York State, and not qualified to do business here, has not transacted any business here which would permit the invocation of CPLR 302 (subd. [a], par 1) to sustain personal jurisdiction in this case. While it is true that Trans Fresh does apply its decay-preventing process to fresh fruit and produce that finds its way into this State, this fact, alone, is insufficient to subject it to jurisdiction here. That process is applied by Trans Fresh at the point of origin, on the West Coast, and the produce is then shipped to destinations around the country. In this case, the Farmers Cooperative in California, which supplied the produce, itself ordered the process from Trans Fresh, in California, to be applied in California. The process was applied in California, the Cooperative was billed there and Trans Fresh was paid in California. The produce was then shipped by the Cooperative, not by appellant, to New York. The one " quality control employee " of appellant, who works out of his home in New Jersey, does not take orders or accept payments and simply cannot be considered a New York agent or employee for the purposes of jurisdiction. It is clear that defendant did not transact business within the State, either in person or through an agent and the cause of action did not arise from defendant's activities within the State. Singer v. Walker (15 N Y 2d 443) upon which plaintiff relies, is clearly distinguishable. Concur — McGivern, J. P., Markewich, Nunez, Murphy and Capozzoli, JJ.